Jessica L. Margolis (JM-7786)
Sammi Malek (SM-4912)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Tel: 212.999.5800

John L. Slafsky (JS-3212)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
650 Page Mill Road
Palo Alto, CA 94304
Tel: 650.493.9300

*Attorneys for Plaintiff*
*Union Square Ventures, L.L.C.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNION SQUARE VENTURES, L.L.C.,<br><br>Plaintiff,<br><br>- against -<br><br>UNION SQUARE PARTNERS GP, L.P. and UNION SQUARE PARTNERS MANAGEMENT, L.L.C.,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**JUDGE McMAHON**

**07 CIV 6071**

Plaintiff Union Square Ventures, L.L.C. ("Plaintiff" or "Union Square Ventures"), by and through its attorneys, Wilson Sonsini Goodrich & Rosati, Professional Corporation, for its complaint against Defendants Union Square Partners GP, L.P. and Union Square Partners Management, L.L.C. (collectively "Defendants" or "Union Square Partners"), alleges as follows:

## NATURE OF THE ACTION

1. This dispute arises from Union Square Partners' infringement of the trademark rights of Union Square Ventures. Union Square Partners' infringing activities, which are ongoing, have the effect of falsely suggesting to investors and others that Defendants are endorsed or sponsored by, or otherwise associated, affiliated or connected with, Union Square Ventures. Union Square Ventures repeatedly has put Union Square Partners on notice that their conduct violates Union Square Ventures' trademark rights. Nonetheless, Union Square Partners have failed to alter their conduct or otherwise address Union Square Ventures' concerns, thereby necessitating the filing of this action.

## PARTIES

2. Plaintiff Union Square Ventures, L.L.C. is a Delaware limited liability company with its principal place of business at 915 Broadway, Suite 1408, New York, New York 10010. Plaintiff provides administrative and management support services to "general partner" entities that, in turn, manage venture capital investment funds under the UNION SQUARE VENTURES mark, subject to a license from Plaintiff. The venture capital funds specialize in investing in young companies that use information technology in innovative ways to create high-growth business opportunities.

3. Upon information and belief, Defendant Union Square Partners GP, L.P. is a foreign limited partnership existing under the laws of the Cayman Islands, with its principal place of business at 230 Park Avenue South, 11th Floor, New York, New York 10003. Upon

further information and belief, Defendant Union Square Partners GP, L.P. is a private equity investor that concentrates on investing in financial services companies.

4. Upon information and belief, Defendant Union Square Partners Management, L.L.C. is a Delaware limited liability company with its principal place of business at 230 Park Avenue South, 11th Floor, New York, New York 10003. Upon further information and belief, Defendant Union Square Partners Management, L.L.C. administers and manages a private equity fund, established by Defendant Union Square Partners GP, L.P., that is currently in the fundraising stage and that intends to focus on investments in the financial services industry.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendants because they transact and otherwise do business in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## STATEMENT OF FACTS

**Plaintiff's Trademark**

8. In 2003, Brad Burnham and Fred Wilson, two well-respected industry leaders whose careers in venture capital span over two decades, founded Union Square Ventures. Throughout 2003, Union Square Ventures devoted time and resources toward developing its brand, including but not limited to formulating marketing materials, acquiring the domain name www.unionsquareventures.com, and otherwise promoting Union Square Ventures. On January 10, 2004, Union Square Ventures launched its first venture capital investment fund under the name UNION SQUARE VENTURES.

9. Plaintiff's use of the UNION SQUARE VENTURES mark has been valid and continuous since the date of first use and has not been abandoned. The mark is symbolic of the goodwill and consumer recognition built by Plaintiff through substantial amounts of time, effort and money invested in marketing and promotion, as well as through publicity generated as a result of Plaintiff's success.

10. In particular, Plaintiff's mark is recognized and well-known within the financial sector, particularly in the private equity and venture capital investment industries. Since the launch of its first investment fund over three years ago, Plaintiff has used the UNION SQUARE VENTURES mark in connection with its investments in various companies, including financial services companies. Plaintiff's successful investments include Del.icio.us, Adaptive Blue, FeedBurner and Instant Information, among others. The Deli.icio.us investment, as well as the

string of successful ones that followed, propelled Union Square Ventures to prominence in the field and firmly established it as a national leader in venture capital.

11. Plaintiff has continuously promoted its services and investment expertise, and has otherwise garnered publicity, under the UNION SQUARE VENTURES name, including on Plaintiff's Web site, which receives approximately 12,000 unique visitors per month and has been ranked among the top venture capital firm Web sites, and in widely-read publications such as the *New York Times*, the *Wall Street Journal* and *Crain's New York Business*. Moreover, Plaintiff's co-founders are routinely called upon to speak at relevant industry events and to provide quotes for articles printed in leading publications, all of which serve to further increase Union Square Ventures' public profile.

12. Through Plaintiff's extensive use and promotion of the UNION SQUARE VENTURES mark since approximately 2003, the relevant consuming public (including potential investors) has come to associate the UNION SQUARE VENTURES mark with Plaintiff.

13. Plaintiff has an application in the United States Patent and Trademark Office ("PTO") to register the mark UNION SQUARE VENTURES in International Class 36, covering private equity investment services and venture capital services. The application, which was filed or about February 5, 2007, is currently pending before the PTO.

**Defendants' Infringing Conduct**

14.     Despite the fact that Plaintiff is well-known and has been soliciting investors and otherwise operating in the private equity and venture capital space since at least January 2004, in or about early 2007, Defendants began promoting a private equity investment company under the name Union Square Partners. Upon information and belief, Defendants officially began doing business as Union Square Partners in February 2007, and are in the process of soliciting investments for a $500,000,000 private equity fund (under the Union Square Partners name) that will invest primarily in the financial services industry.

15.     In view of the similarity of the marks and the related nature of the services and commercial activities of the parties, Defendants' use of the name UNION SQUARE PARTNERS is likely to cause confusion, to cause mistake and/or to deceive. Investors and consumers, upon seeing the UNION SQUARE PARTNERS name used in connection with Defendants, are likely to believe that Defendants are somehow associated or affiliated with, or sponsored or endorsed by, Plaintiff. Significantly, not only does Defendants' name sound and look confusingly similar to Plaintiff's, but also a Google search of the term "Union Square Partners" yields links to Plaintiff's Web site – not Defendants' – as the top 2 results.

16.     In fact, not only are consumers *likely* to be confused by Defendants' use of the UNION SQUARE PARTNERS name, but also – in the short period of time that the two marks have co-existed – there have been instances of *actual* confusion. For example, on May 8, 2007, after receiving an email from the placement agent for Defendants' fund, a potential investor forwarded the email to Plaintiff's co-founders, stating: "This was quite confusing for me."

Plaintiff also receives business plans sent to Plaintiff's address (and ostensibly intended for Plaintiff) but addressed to "Union Square Partners." These are just two examples of the confusion that is certain to ensue if Defendants are permitted to continue their infringing conduct.

17. Since first discovering Defendants' infringing conduct in or about January 2007, Plaintiff has repeatedly requested that Defendants promptly transition to a new name. Defendants, however, have refused to change their name to one that is not confusingly similar to Plaintiff's, leaving Plaintiff with no choice but to file this action.

### FIRST CAUSE OF ACTION

(False Representation and False Designation of Origin Under
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 above as though fully set forth herein.

19. Defendants' acts described above, including their use of the name UNION SQUARE PARTNERS, are likely to cause confusion, mistake or deception as to the affiliation, connection or association of the parties and their commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

20. Defendants' unauthorized use of the name UNION SQUARE PARTNERS has damaged Plaintiff and the business and goodwill symbolized by the UNION SQUARE VENTURES mark.

21. Defendants' willful and unauthorized actions have caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiff in an amount that cannot presently be ascertained, leaving Plaintiff with no adequate remedy at law.

## SECOND CAUSE OF ACTION

(Unfair Competition Under New York Statutory Law)

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 above as though fully set forth herein.

23. Defendants' acts as described above, including but not limited to Defendants' continued use of the name UNION SQUARE PARTNERS, constitute unfair methods of competition under N.Y. Gen. Bus. Law § 360-o.

24. Defendants' willful and unauthorized actions have damaged Plaintiff and have caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiff in an amount that cannot presently be ascertained, leaving Plaintiff with no adequate remedy at law.

## THIRD CAUSE OF ACTION

(Deceptive Acts And Practices Under New York Statutory Law)

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26. Defendants' acts as described above constitute deceptive acts and practices and false advertising in violation of N.Y. Gen. Bus. Law §§ 349-350.

## FOURTH CAUSE OF ACTION

(Common Law Unfair Competition Under New York Law)

27.  Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above as though fully set forth herein.

28.  Defendants' acts as described above constitute unfair competition under the common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Permanently enjoin Defendants, their officers, directors, agents, representatives, successors and assigns, licensees, employees, consultants, affiliates, brokers, attorneys and all persons in privity or acting in concert or in participation with any of them, from:

1. using directly or indirectly, in connection with any goods, services or commercial activities, the name UNION SQUARE PARTNERS, or any other trademark, service mark, or trade name that imitates or simulates, or is otherwise confusingly similar to, Plaintiff's UNION SQUARE VENTURES mark;

2. using any other false designation of origin or false description or representation or doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the trade or the public, or to deceive the trade or the public into believing that Defendants' services or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiff; and

   3. engaging directly or indirectly in any practices, including those complained of herein, that tend to compete unfairly with, or to injure, Plaintiff, its business, or the goodwill related to Plaintiff's business or its UNION SQUARE VENTURES mark;

 B. Order Defendants to deliver for destruction all media, signs, prints, advertising, packaging, products, labels, wrappers, receptacles, boxes, cartons, forms, tags, patches, printed materials and promotional materials in its possession or control that bear the name UNION SQUARE PARTNERS;

 C. Order Defendants to discontinue the use of the name UNION SQUARE PARTNERS on its Web site, electronic mail addresses or other electronic media;

 D. Direct Defendants to account to Plaintiff for their profits and order that Plaintiff recover its damages arising out of the aforesaid acts of infringement in a sum equal to three times such profits or damages (whichever is greater) pursuant to 15 U.S.C. § 1117(a);

 E. Order Defendants to file with the Court and to serve on counsel for Plaintiff within 30 days from the entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action;

 F. Award Plaintiff reasonable attorneys' fees and costs and disbursements incurred by Plaintiff as a result of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117(a) and N.Y. Gen. Bus. Law § 360-m;

G.   Award such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
June 26, 2007

WILSON SONSINI GOODRICH & ROSATI  
Professional Corporation

By: _____  
Jessica L. Margolis (JM-7786)  
Sammi Malek (SM-4912)  
WILSON SONSINI GOODRICH & ROSATI  
PROFESSIONAL CORPORATION  
1301 Avenue of the Americas, 40th Floor  
New York, NY 10019  
Tel: 212.999.5800

John L. Slafsky (JS-3212)  
WILSON SONSINI GOODRICH & ROSATI  
PROFESSIONAL CORPORATION  
650 Page Mill Road  
Palo Alto, CA 94304  
Tel: 650.493.9300

*Attorneys for Plaintiff Union Square Ventures, L.L.C.*