Randi W. Singer (RS-6342)
Laura J. Protzmann (LP-6539)
WEIL, GOTSHAL AND MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNION SQUARE VENTURES LLC,<br><br>        Plaintiff,<br><br>    -against-<br><br>UNION SQUARE PARTNERS GP, L.P. and UNION SQUARE PARTNERS MANAGEMENT, LLC,<br><br>        Defendants. | Case No. 07 CIV 6071<br><br>**ANSWER**<br><br>ECF case |

The Defendants, Union Square Partners GP, L.P. and Union Square Partners Management, LLC, by their attorneys, Weil, Gotshal & Manges LLP, for their answer to the Complaint filed in this action by Plaintiff Union Square Ventures LLC, state as follows:

### NATURE OF THE ACTION

1.    Defendants deny each and every allegation contained in Paragraph 1 of the Complaint.

### PARTIES

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and on this basis, deny such allegations.

3. Defendants admit to the allegations contained in the first sentence of Paragraph 3 of the Complaint. As to the allegations in the second sentence of Paragraph 3, Defendants clarify that Union Square Partners GP, L.P. is the general partner of Union Square Partners, L.P. which is a private equity investor.

4. Defendants admit to the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendants state that each and every allegation in Paragraph 5 of the Complaint constitutes a legal conclusion to which a responsive pleading is not required.

6. Defendants state that each and every allegation in Paragraph 6 of the Complaint constitutes a legal conclusion to which a responsive pleading is not required.

7. Defendants state that each and every allegation in Paragraph 7 of the Complaint constitutes a legal conclusion to which a responsive pleading is not required.

## STATEMENT OF FACTS

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and on this basis, deny such allegations.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and on this basis, deny such allegations.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and on this basis, deny such allegations.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and on this basis, deny such allegations.

12. Defendants deny each and every allegation contained in Paragraph 12 of the Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and on this basis, deny such allegations.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the Plaintiff in the first sentence of Paragraph 14 of the Complaint and on this basis, deny such allegations. With regard to the remaining allegations pertaining to Defendants in Paragraph 14, Defendants clarify that they have been using the name "Union Square Partners" since at least March 2006, and the entities bearing the "Union Square Partners" name were formed in Delaware and the Cayman Islands in October 2006 and November 2006. Defendants are targeting capital commitments of $500,000,000 for their private equity fund, which invests primarily in insurance, specialty finance, banking, asset management, securities brokerage and related businesses in the financial services industry.

15. Defendants deny each and every allegation contained in the first two sentences of Paragraph 15 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 15 of the Complaint and on this basis, deny such allegations.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentence of Paragraph 16 of the

Complaint and on this basis, deny such allegations. Defendants deny each and every allegation contained in the third sentence of Paragraph 16 of the Complaint.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in the first sentence of Paragraph 17 of the Complaint and on this basis, deny such allegations. Defendants deny each and every allegation contained in the second sentence of Paragraph 17 of the Complaint.

## FIRST CAUSE OF ACTION
(False Representation and False Designation of Origin Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

18.     Defendants repeat and incorporate by reference its responses to each and every allegation in Paragraphs 1-17 of this Complaint.

19.     Defendants deny each and every allegation contained in Paragraph 19 of the Complaint.

20.     Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.

21.     Defendants deny each and every allegation contained in Paragraph 21 of the Complaint.

## SECOND CAUSE OF ACTION
(Unfair Competition Under New York Statutory Law)

22.     Defendants repeat and incorporate by reference its responses to each and every allegation in Paragraphs 1-21 of this Complaint.

23.     Defendants deny each and every allegation contained in Paragraph 23 of the Complaint.

24.     Defendants deny each and every allegation contained in Paragraph 24 of the Complaint.

## THIRD CAUSE OF ACTION
(Deceptive Acts And Practices Under New York Statutory Law)

25. Defendants repeat and incorporate by reference its responses to each and every allegation in Paragraphs 1-24 of this Complaint.

26. Defendants deny each and every allegation contained in Paragraph 26 of the Complaint.

## FOURTH CAUSE OF ACTION
(Common Law Unfair Competition Under New York Law)

27. Defendants repeat and incorporate by reference its responses to each and every allegation in Paragraphs 1-26 of this Complaint.

28. Defendants deny each and every allegation contained in Paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants, without waiver, limitation, or prejudice, hereby assert the following affirmative defenses:

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

Both the Defendants and the Plaintiff offer services to sophisticated clientele who are able to easily distinguish between the two companies before making financial decisions.

### Third Affirmative Defense

The services offered by Defendants are easily distinguishable from Plaintiff's services based on, among other factors, their investment strategies.

### Fourth Affirmative Defense

"Union Square Ventures" is a geographically descriptive mark that is not protectable.

### Fifth Affirmative Defense

The claims and alleged prayers for relief of Plaintiff are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and other applicable equitable doctrines.

### Sixth Affirmative Defense

Plaintiff lacks standing to bring some or all of their claims and to obtain their requested relief.

### Seventh Affirmative Defense

The alleged causes of action are barred, in whole or in part, by the failure to exercise reasonable efforts to avoid or minimize the alleged injury purportedly suffered.

### Eighth Affirmative Defense

The alleged causes of action are barred because the conduct of the Defendants was at all times justified and privileged, and did not result in any wrongful benefit or unjust enrichment to Defendants.

### Ninth Affirmative Defense

The alleged causes of action are barred because Defendants acted in good faith and employed lawful, proper and justified means to accomplish legitimate business objectives.

### Tenth Affirmative Defense

The alleged causes of action are barred because Defendants acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known to them at the time the Defendants so acted.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the injuries and damages claimed by Plaintiff were not legally or proximately caused by any act or omission of Defendants.

### Twelfth Affirmative Defense

Plaintiff's claims for injunctive and other equitable relief are barred because plaintiff has an adequate remedy at law.

### Thirteenth Affirmative Defense

The alleged causes of action are barred, in whole or in part, because Plaintiff has not suffered injury in fact and lost money or property as a result of Defendants' alleged conduct.

### Fourteenth Affirmative Defense

The alleged causes of action are barred, in whole or in part, by the applicable statutes of limitations.

### Fifteenth Affirmative Defense

The alleged causes of action are barred, in whole or in part, because Plaintiff's asserted injuries are too remote, attenuated and/or speculative to allow recovery or other relief.

### Sixteenth Affirmative Defense

The alleged causes of action and/or Plaintiff's requests for relief are barred, in whole or in part, to the extent that they are not consistent with, or are preempted or precluded by, applicable federal law, including, without limitation, the United States Constitution.

### Seventeenth Affirmative Defense

Defendants presently lack sufficient knowledge or information on which to form a belief as to whether they may have available other, as yet unstated, additional and/or affirmative defenses. Defendants reserve the right to assert additional and/or affirmative defenses.

### Eighteenth Affirmative Defense

Plaintiff is not entitled to an award of punitive damages, exemplary damages, or attorneys' fees or costs of suit.

### Nineteenth Affirmative Defense

Defendants' practices complied with applicable state and federal requirements at all times.

WHEREFORE, Defendants request:

1. That Plaintiff takes nothing by its Complaint and for a judgment in favor of Defendants and against Plaintiff, dismissing the Complaint;

2. That Defendants be awarded its costs of suit, including reasonable attorney's fees; and

3. That this Court order such other and further relief as it may find just and proper.

Dated: New York, New York
       July 17, 2007

WEIL, GOTSHAL AND MANGES LLP

By: _____
Randi W. Singer (RS-6342)
Laura J. Protzmann (LP-6539)
WEIL, GOTSHAL AND MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Attorneys for Defendants Union Square Partners GP, L.P. and Union Square Partners Management, LLC*