McMahon, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNION SQUARE VENTURES, L.L.C.,

           Plaintiff,

- against -

UNION SQUARE PARTNERS GP, L.P. and UNION
SQUARE PARTNERS MANAGEMENT, L.L.C.,

           Defendants.

Case No. 07-CIV-6071 (CM) (HP)

ECF CASE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/07

## STIPULATED PROTECTIVE ORDER

The Parties in the above-captioned action ("Action"), by and through their undersigned counsel, agree that discovery in the Action may involve the production of information that is sensitive, confidential, personal, commercial, proprietary or otherwise unavailable to the public. Accordingly, upon the joint motion of the Parties and pursuant to Federal Rule of Civil Procedure 26(c), the following is hereby ORDERED:

### Types of Materials That May Be Designated Confidential or Highly Confidential

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and any other material or information produced or otherwise disclosed during the course of this action (collectively, "Disclosed Materials"), may be designated by a producing party or non-party (collectively, "Producing Party") as "Confidential" or "Highly Confidential" in accordance with the terms of this Stipulated Protective Order ("Order").

2. "Confidential Information" shall include any Disclosed Material that is not in the public domain and contains any trade secret or other confidential research, development, or commercial information, as well as personal or financial information.

3. "Highly Confidential Information" shall include any Confidential Information so competitively sensitive that it is entitled to extraordinary protections.

4. Any copies or reproductions, excerpts, summaries or other documents or media (e.g., electronic, video, or audio) that contain, excerpt or otherwise reveal the substance of (other than in general terms) Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information respectively pursuant to this Order.

**Designation of Disclosed Materials as Confidential or Highly Confidential**

5. Any documents, materials or information produced or otherwise disclosed in this Action that are to be designated "Confidential" or "Highly Confidential" may be so designated by the Producing Party by affixing the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on each page containing Confidential or Highly Confidential Information at the time such documents are produced or such information is disclosed, or as soon thereafter as the Producing Party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; provided, however, that no liability or sanctions shall arise or be imposed for any disclosure by the receiving party before such post-production designation. Discovery Materials stamped or designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be treated as Confidential or Highly Confidential, respectively, for the purposes of this Order.

6. Deposition testimony (including the related transcript and, if applicable, video recording) may be designated as Confidential or Highly Confidential by (i) a statement on the record during such deposition by counsel that the entire transcript or a portion thereof shall be designated as Confidential or Highly Confidential hereunder; or (ii) by written notice of such

designation sent by counsel to all parties within fifteen (15) days of the receipt of the official (i.e., not rough) deposition transcript. All depositions, including exhibits, shall be treated as Highly Confidential until fifteen (15) days after receipt of the official copy of such deposition transcript to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Highly Confidential Information or Confidential Information not previously designated. Such Highly Confidential or Confidential Information shall be designated by page and line number, and DVDs (or other storage media) shall be labeled in accordance with the provisions of this Order. Such designation shall be effective upon transmitting the same to the court reporter responsible for the deposition and to all parties.

7.    Answers to interrogatories may be designated as Confidential or Highly Confidential by including the phrase "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" in the answer.

**Permissible Uses of Disclosed Materials**

8.    All persons obtaining access to Disclosed Materials produced in connection with this Action shall use such Disclosed Materials only for the purpose of this Action, and not for any other purpose.

9.    Confidential Information shall be maintained in confidence by the person to whom such materials are produced or disclosed and shall not be disclosed to any other person except:

    a)    the Court, Court personnel and any Jury impaneled in this Action;

    b)    outside counsel for any party, including associated personnel necessary to assist outside counsel in the Action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

c) any expert, consultant or advisor retained by a party or its counsel in connection with this Action, provided the expert or advisor has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A;

d) professional vendors or litigation support services, including but not limited to stenographers, videographers, outside copying services, and companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, and their respective employees, provided they have signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A;

e) deposition witnesses and other witnesses who may testify in hearings or the trial of this Action, provided the witness has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A;

f) parties, and those directors, officers and employees of the parties who are assisting in the litigation; and

g) any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each party hereto.

10. Highly Confidential Information may be disclosed only to any persons falling within categories (a) through (d) in paragraph 9 above or any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each party hereto.

11. Nothing in this Order shall limit or restrict a party's rights, if any, to use its own Disclosed Materials, including materials or information that party has designated as Confidential or Highly Confidential, in any manner that the party deems appropriate. Moreover, nothing in this Order shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of any proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action, or which (a) was already known to such party by lawful means prior to acquisition from, or disclosure by, another party in this Action;

(b) is or becomes publicly known through no fault or act of such party; or (c) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

13. Nothing in this Order shall prevent any counsel from advising his or her client concerning this litigation and, in the course of providing such advice, from referring to or disclosing generally the subject matter of Confidential or Highly Confidential Information, so long as he or she does not disclose its specific contents.

### Inadvertent Disclosure of Confidential, Highly Confidential or Privileged Documents

13. Inadvertent failure to designate Disclosed Materials as Confidential or Highly Confidential shall not be deemed a waiver of the Producing Party's claim of confidentiality as to the specific information disclosed or other information on the same subject matter, and the Producing Party may, upon discovering the inadvertent disclosure, designate such information as Confidential or Highly Confidential as soon as practicable; provided, however, that no liability or sanctions shall arise or be imposed for any disclosure by the receiving party before such post-production designation.

14. Inadvertent production of any material subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege shall not constitute a waiver of any such claim, and such materials shall be returned by the receiving party upon written request by the Producing Party stating the basis for withholding such document from production. Upon receiving such written notice concerning the inadvertent production of privileged material, the receiving party shall forthwith return to the producing party the originals and all copies of the privileged material, delete any versions of the privileged material stored in databases it maintains, and make no use of the privileged material. In addition, in accordance with Paragraph 7 of Judge McMahon's Rules Governing Electronic Discovery, electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced. Nothing in this Order shall

be construed as prohibiting a party from contesting the designation of any document as privileged (including by filing a motion to compel), regardless of whether that document was withheld from production or produced inadvertently, except that the fact of inadvertent production itself may not be cited as a basis for the motion.

15. If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

### Challenges to Confidential or Highly Confidential Designations

16. A party may challenge another Producing Party's designation of Disclosed Materials as Confidential or Highly Confidential by serving a written objection upon the Producing Party. The Producing Party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within seven (7) business days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Order. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question in accordance with the existing designation.

### Efforts By Non-Parties to Obtain Confidential Information

17. If any party has obtained Confidential or Highly Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the

production of such Confidential or Highly Confidential Information, such party shall notify the Producing Party no later than seven (7) business days following receipt of the subpoena (but in no event later than seven (7) business days prior to compliance with the subpoena), including in such notice the date set for the production of such subpoenaed information, so that the Producing Party may file a motion for a protective order or to quash the subpoena. In the event the Producing Party files such a motion, the subpoenaed party shall not produce any Confidential or Highly Confidential Information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction, or unless a failure to produce such Confidential or Highly Confidential Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation.

### Procedures Concerning Third-Party Materials

18.     To the extent a party to this Action is required to produce Disclosed Materials that contain information supplied by a non-party to this Action, or which are covered by a non-disclosure agreement pursuant to which consent to production must be obtained ("Third-Party Materials"), and notice must be given prior to production in this action of such Third-Party Materials, the Producing Party must, within ten (10) business days of becoming aware that a discovery request served in this action seeks production of Third Party Materials, initiate the steps necessary to comply with any pre-production notice requirements imposed by any protective order in a prior litigation and/or any other notice obligations ("Third-Party Notice Requirements"). Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third Party Materials in this Action, the producing party shall promptly produce such Third-Party Materials. The Parties reserve all rights to invoke this Court's jurisdiction in this action to resolve any issues relating to third parties' rights in the production of this material.

19. In the event a Producing Party inadvertently produces Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Produced Third-Party Materials"), the Producing Party may request the return of the Inadvertently Produced Third-Party Materials, and the possessing parties shall within five (5) business days return or destroy such Inadvertently Produced Third-Party Materials. Promptly after discovering its production of Inadvertently Produced Third-Party Materials, the Producing Party shall comply with any applicable Third-Party Notice Requirements.

**Filing Under Seal**

20. All Confidential or Highly Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures:

    a) Entry of this Protective Order hereby constitutes prior approval of the Court, and submission of a document sealed in separate envelopes with a copy of the title page attached to the front of each envelope, together with a copy of this Order, shall be sufficient to file the document under seal. No further order of the Court to authorize sealing will be required.

    b) Where possible, only confidential portions of filings with the Court shall be filed under seal. Information filed under seal shall be placed in sealed envelopes on which it shall be endorsed with the title to this action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Highly Confidential Information] filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

Where documents filed under seal are transmitted between the parties by facsimile or email, the facsimile cover sheet or cover email should clearly indicate that the transmission includes Confidential or Highly Confidential Information filed under seal. A full and unredacted copy of

any such submission shall be provided directly to chambers in accordance with paragraph 2(A) of Judge McMahon's Individual Practices. Such copy shall be marked "Chambers Courtesy Copy" and "Contains Confidential or Highly Confidential Information Subject to Protective Order."

   c) As soon as practicable, but in no event later than ten (10) calendar days after having filed paper copies of the submitted materials, the submitting party shall file with the Court, for its public file, a copy of the submitted materials with the Confidential Information and/or Highly Confidential Information redacted.

   d) Only parties that have objected to the designation of material as Confidential or Highly Confidential shall be permitted to object to, or otherwise oppose, the filing of such material under seal. If any party objects to identified portions of the materials remaining under seal, it shall state its objections in writing to counsel for all parties in this action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of that submission shall be made by the submitting party within ten (10) business days after the Court's decision resolving that dispute.

**Use of Confidential or Highly Confidential Information at Hearing and/or Trial**

   21. Nothing in this Order shall preclude a party from offering Confidential or Highly Confidential Information into evidence at the trial of or other hearing in this Action. Prior to any such trial or hearing, the parties shall confer and attempt to agree on the procedures under which Confidential or Highly Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching an agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Information that may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential

Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information.

### Procedures upon Termination of Action

22. The provisions and terms of this Order shall not terminate at the conclusion of this action. Within thirty (30) days of the conclusion of this action by settlement or final judgment, including exhaustion of all appeals, all parties or persons in possession of Confidential or Highly Confidential Information shall return such Information to the Producing Party, or else certify to the producing party in writing that such Confidential or Highly Confidential Information has been destroyed. Counsel may retain their work product, copies of court filings and official transcripts and exhibits, provided any and all retained documents are kept confidential and will, along with the information contained therein, continue to be treated as provided in this Order.

### Miscellaneous

23. The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this Action.

24. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, materials or information contain or reflect trade secrets or proprietary or commercial information or other confidential matter; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief, on appropriate notice, from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery shall be had of certain documents or information; (iv) to apply to the Court for a further protective order or other relief, including but not limited to as permitted under Federal Rule of Civil Procedure 26(c); or (v) to seek documents or other information from any

source. In any instance where a Producing Party asserts a higher level of protection to discovery material after its initial production, the higher protection level shall apply to the materials only as of the time of their re-designation.

25. The Court shall have the power to enforce this Order and impose sanctions and penalties for its violation.

IT IS SO ORDERED:

Dated: September 19, 2007

The Honorable Colleen McMahon
United States District Judge

For Plaintiff:

Date: September 18, 2007

Jessica L. Margolis (JM-7786)
Sammi Malek (SM-4912)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Tel: 212.999.5800

John L. Slafsky (JS-3212)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
650 Page Mill Road
Palo Alto, CA 94304
Tel: 650.493.9300

For Defendants:

Date: September 18, 2007

Randi W. Singer (RW-6342)
Laura J. Protzmann (LP-6539)
WEIL GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153
Tel: 212.310.8000

## EXHIBIT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Stipulated Protective Order entered on _____, 2007 in the matter entitled *Union Square Ventures, L.L.C. v. Union Square Partners GP, L.P. et al.*, Case No. 07 Civ. 6071 (CM) (HP), pending in the United States District Court for the Southern District of New York. I hereby acknowledge that I have read and understand the Stipulated Protective Order and agree to be bound by all of the provisions thereof. I also hereby acknowledge that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the terms of the Stipulated Protective Order, is a prerequisite to my review of any Confidential Information or Highly Confidential Information, as defined therein, and subjects me to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of enforcing the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the state of New York that the foregoing is true and correct, and that this Agreement was executed on the ____ day of _____, 2007, in _____.